# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MCCREA,<br><br>    Plaintiff,<br><br>v.<br><br>LESNIAK, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01329-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S REQUEST TO ALLOW RULE 67 TO BE IMPLEMENTED<br><br>[ECF No. 7] |

    Plaintiff Terrence McCrea is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On October 20, 2017, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. 28 U.S.C. § 636(c); Local Rule 302.

    Currently before the Court is Plaintiff's motion titled, "motion requesting the court to allow Rule 67 to be implemented, lien on the judgment to pay filing fee," filed on October 30, 2017. (ECF No. 7.) Plaintiff's motion is not entirely clear, but he appears to seek to be allowed to proceed without prepaying the filing fee for this action. Plaintiff also states that if the Court finds he must prepay the filing fee for this action, then a lien for the amount of the fees should be placed on any judgment in this action, pursuant to Federal Rule of Civil Procedure 67, so that his action is not dismissed for non-payment.

1

Federal Rule of Civil Procedure 67(a) authorizes a court to accept deposits of money and other personal assets in cases where such assets are genuinely at issue in the case. See e.g. Alstom Caribe, Inc. v. Geo. P. Reintjes Co., 484 F.3d 106, 113 (1st Cir. 2007) ("The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund amount those claiming some entitlement thereto."). In other words, the moving party under Rule 67 makes a request to deposit a disputed amount or asset with a court until the court determines how such funds should be divided among the parties. Here, Plaintiff has not offered to tender any funds or assets that are in dispute between the parties. Rule 67 is inapplicable to his request regarding the payment of his filing fee, which is his responsibility alone.

Second, Plaintiff has been granted leave to proceed in forma pauperis in this matter, and thus is not currently required to pre-pay the filing fee in this case. (ECF No. 5.) As discussed in this Court's October 11, 2017 order, Plaintiff is required to pay the statutory filing fee of $350 for this action by making monthly payments in the amount of twenty percent of the proceeding month's income credited to his trust account each time the amount in the account exceeds $10, until the statutory filing fee is paid in full. Thus, Plaintiff's request to be allowed to proceed in this action without prepaying the filing fee is unnecessary.

For these reasons, Plaintiff's motion to implement Rule 67 to pay the filing fee in this case is HEREBY DENIED.

IT IS SO ORDERED.

Dated: __**October 31, 2017**__

_____
UNITED STATES MAGISTRATE JUDGE