# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE McCREA,<br><br>    Plaintiff,<br><br>    v.<br><br>LESNIAK, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01329-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Terrence McCrea is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint, filed January 23, 2018. For the reasons discussed, the Court recommends that Plaintiff's first amended complaint be dismissed without leave to amend.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

On January 10, 2018, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim. (ECF No. 11.) Plaintiff's first amended complaint is substantially similar although he has deleted some of the factual allegations contained in the original complaint.

The first amended complaint alleges that Plaintiff was subjected to harm to his health when Defendant Lesniak conducted a cell extraction using chemical agents. (First Am. Compl. 4,[1] ECF No. 12.) Before the cell extraction took place, Plaintiff asked to be removed from the area to avoid having to breathe the gases but he was ignored. (Id.) Plaintiff contends that Defendant Lesniak was aware of the chemicals that were being used and the effects it would have on the inmate on whom it was used and that he would be immobilized. (Id.) Defendant Lesniak also knew the effect the gases would have on Plaintiff. (Id.) Plaintiff alleges that he had

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

the right by policy to be removed from his cell and the right to decontaminate. (Id.) Plaintiff is seeking $40,000 due to his lungs being sore from being exposed to the chemical agent. (Id.)

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

Where an inmate is challenging the conditions of confinement he must show there was a deprivation "sufficiently serious" to form the basis of a violation and "the prison official acted "with a sufficiently culpable state of mind." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson, 217 F.3d at 731.

Plaintiff has failed to allege facts to show that he was at a substantial risk of harm by being in the area in which the cell extraction took place. Although Plaintiff states that he asked to be moved from the area before the inmate was extracted from his cell and Defendant Lesniak knew that the exposure would immobilize the other inmate, such conclusory allegations regarding Defendant Lesniak's knowledge of harm from the chemical agent fails to show that he would be aware that Plaintiff would be at a risk of harm from the use of the chemical agent on another individual. Plaintiff fails to allege any facts to show that Defendant Lesniak would be aware that Plaintiff was at a substantial risk of harm by being in the area. Plaintiff's vague allegation that he was exposed to pepper spray that was being used to extract another inmate from his cell is insufficient to state a claim for deliberate indifference.

Plaintiff also relies upon California Department of Corrections and Rehabilitation's decontamination policy, however, the policy states the whether an inmate who is not directly

exposed to chemical agents should be decontaminated will be based upon obvious, physical effects of the chemical agent. (See Compl. p. 9, ECF No. 1.) Although Plaintiff alleges that he was not decontaminated, the complaint is devoid of any facts that he informed anyone of a need for decontamination or that he was suffering any obvious, physical effects from the exposure.

The fact that Plaintiff did not want to be in the area where the chemical agent was used, without more, is not sufficient to demonstrate a substantial risk of harm. Further, Plaintiff's first amended complaint only contains conclusory allegations of a failure to decontaminate that are insufficient to state a claim. Plaintiff has alleged no facts to state a plausible claim that Defendant Lesniak was aware that Plaintiff was at a substantial risk of harm and failed to adequately respond. Plaintiff has failed to state a claim against Defendant Lesniak.

### III.

### CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint fails to state a cognizable claim for violation of his federal rights. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for cruel and unusual punishment in violation of the Eighth Amendment, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and

1 recommendations with the Court. Such a document should be captioned "Objections to
2 Magistrate Judge's Findings and Recommendations." The district judge will review the
3 magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).
4 Plaintiff is advised that failure to file objections within the specified time may result in the
5 waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing
6 <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 22, 2018**

UNITED STATES MAGISTRATE JUDGE